**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| YOTTA LABS, INC.,<br><br>         Plaintiff,<br>   v.<br><br>CAPYBARA INTELLIGENCE, INC., et al.,<br><br>         Defendants. | Case No.  26-cv-02740-BLF<br><br>**ORDER GRANTING IN PART PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Re:  ECF 4] |

Plaintiff Yotta Labs, Inc. has filed an *ex parte* application for a temporary restraining order ("TRO") and an order to show cause why a preliminary injunction should not issue, seeking to enjoin Defendants Capybara Intelligence, Inc. ("Capybara") and Ziqi Peng ("Peng") from dissipating assets.  *See* Applic. for TRO, ECF 4.

Plaintiff's TRO application is GRANTED as to Defendant Capybara but not as to Defendant Peng.  Defendant Capybara is HEREBY ORDERED TO SHOW CAUSE, in writing and by Wednesday, April 8, 2026, why a preliminary injunction should not issue.  An in-person show cause hearing IS HEREBY SET for Tuesday, April 14, 2026, at 10:00 a.m.

**I.     BACKGROUND**

Plaintiff filed the complaint in this action on March 29, 2026, based on Capybara's alleged failure to pay an outstanding balance of $138,613.20 owed for GPU cloud computing services. *See* Compl., ECF 1.  Plaintiff asserts claims for:  (1) breach of contract, (2) fraud, (3) account stated, (4) unjust enrichment, and (5) alter ego liability.  *See id*.  The claims are based on an agreement Peng signed on behalf of Capybara in her role as CEO of Capybara.  *See id*. Plaintiff asserts that Peng is personally liable as the alter ego of Capybara.  *See id*.

Plaintiff submits a declaration of counsel along with a copy of the agreement for GPU cloud services, invoices Plaintiff issued for those services, and communications with Peng about the outstanding balance. *See* Ouyang Decl. & Exs. A-C, ECF 4-1.  Counsel states that after several months of back-and-forth regarding monies owed, Defendants have stopped communicating. *See id*. ¶ 9.  Capybara has been evicted from its business premises and has not provided Plaintiff with a new address or contact information. *See id*. ¶ 10 & Ex. D.

Plaintiff seeks a TRO against both Capybara and Peng to prevent dissipation of assets pending resolution of this action.

## II.   LEGAL STANDARD

The standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

In this district, an application for a TRO must be accompanied by a copy of the complaint, a memorandum of points and authorities, a proposed temporary restraining order and order to show cause, and a declaration by counsel either certifying that notice has been provided to the opposing party or explaining why such notice could not be provided. *See* Civ. L.R. 65-1(a).

## III.   DISCUSSION

Plaintiff contends that it has shown a likelihood of success on its claim for breach of contract under California law.  Plaintiff does not address the provision in the parties' agreement stating that Delaware state law applies. *See* Ouyang Decl. Ex. A (Agreement) ¶ 8.1.  The elements of a contract claim are essentially the same under California and Delaware law:  (1) existence of a contract; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's breach; and (4) resulting damages to the plaintiff. *See Song v. Telesair, Inc.*, No. 8:25-CV-00370-DOC-ADS, 2025 WL 3139029, at *3 (C.D. Cal. Oct. 3, 2025) (setting forth elements of contract claim under California law and noting the existence of "similar elements under Delaware law").

United States District Court
Northern District of California

The Court finds that Plaintiff has satisfied the first *Winter* factor, likelihood of success, with respect to its contract claim against Capybara, but not with respect to its contract claim against Peng. As to Capybara, Plaintiff has submitted a copy of the written agreement between Plaintiff and Capybara for GPU cloud services. *See* Ouyang Decl. ¶ 3 & Ex. A. Plaintiff's counsel states that Plaintiff performed its obligations under the agreement. *See* Ouyang Decl. ¶ 4. Plaintiff's counsel also states that Capybara has not paid for the services provided by Plaintiff despite multiple requests for payment. *See id*. ¶¶ 5-11. Finally, Plaintiff is injured because it provided services to Capybara for which it has not been paid. *See id*.

Peng is not a party to the agreement between Plaintiff and Capybara. Plaintiff claims that Peng is the alter ego of Capybara and thus is liable for the outstanding balance under the agreement. *See* Compl. ¶¶ 44-50. However, Plaintiff does not present any evidence to support its claim of alter ego liability against Peng. Plaintiff alleges in the complaint that Peng engaged in tasks such as "entering into agreements, communicating with Plaintiff regarding payment obligations, and directing the course of performance under the Agreement," *id*. ¶ 46, and that Peng "personally communicated with Plaintiff regarding outstanding invoices and payment, made representations concerning Defendant's ability and intent to pay, and directed Plaintiff to continue providing services" *id*. ¶ 47. Those actions would be encompassed in the ordinary conduct of a CEO. Even if the complaint asserted facts sufficient to support an alter ego theory, Plaintiff would have to support such facts with evidence in order to obtain temporary injunctive relief. Plaintiff has not done so here.

Plaintiff has satisfied the second *Winter* factor by showing it is likely to suffer irreparable harm absent injunctive relief. Capybara has vacated its business premises due to nonpayment of rent, and Defendants have not provided Plaintiff with a new address or contact information. *See id*. ¶ 10 & Ex. D. "[A] district court has authority to issue a preliminary injunction where the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern of secreting or dissipating assets to avoid judgment." *In re Est. of Ferdinand Marcos, Hum. Rts. Litig.*, 25 F.3d 1467, 1480 (9th Cir. 1994).

United States District Court
Northern District of California

The Court finds that the third *Winter* factor, the balance of equities, favors Plaintiff because it is merely seeking to ensure payment of monies due to it.  The fourth *Winter* factor, the public interest, is not particularly relevant here.  To the extent this factor favors either party, the Court finds that it is Plaintiff, which is attempting to enforce what appears to be a valid contract.

Under Federal Rule of Civil Procedure 65, a court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  The rule "invests the district court 'with discretion as to the amount of security required, if any,'" and the court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (quoting *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)).  In this case, in light of evidence that Defendants have retained more than $100,000 in funds owing to Plaintiff, the Court determines that security is not required.

Accordingly, Plaintiff's application for a TRO is GRANTED as to Defendant Capybara, but not as to Defendant Peng.

## IV.  ORDER

(1)   Plaintiff's application for a TRO is GRANTED as against Defendant Capybara only, as set forth below.  The TRO shall remain in effect through April 15, 2026 or until discharged by the Court.

(a)   Defendant Capybara Intelligence, Inc., d/b/a First Intelligence, and its officers, agents, employees, and all persons acting in concert with them, are temporarily restrained and enjoined from transferring, withdrawing, concealing, or otherwise disposing of any funds held in any bank accounts owned or controlled by Defendant Capybara Intelligence, Inc., d/b/a First Intelligence, up to the amount of $138,613.20, pending further order of this Court.

(b)   Plaintiff may serve this order upon any financial institution known to hold funds of Defendant Capybara Intelligence, Inc., d/b/a First Intelligence funds.  Upon receipt of this order, such institution shall freeze such funds up to $138,613.20, pending further Court order.

(2)     Defendant Capybara is HEREBY ORDERED TO SHOW CAUSE, in writing and by Wednesday, April 8, 2026, why a preliminary injunction should not issue.  Plaintiff may file a reply by Friday, April 10, 2026, at 2:00 p.m.

(3)     An in-person show cause hearing IS HEREBY SET for Tuesday, April 14, 2026, at 10:00 a.m. in Courtroom 1 of the United States District Court located at 280 S. First Street, San Jose, California 95113.

(4)     Plaintiff SHALL serve Defendant Capybara with the summons, the complaint, the application for a TRO, and this order by Friday, April 3, 2026, and shall file proof of service.  This order is effective only upon service on Defendant Capybara.

Dated:  April 1, 2026 at 5:15 p.m.

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5